Filed 9/16/20  P. v. Hartwell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RANDY SCOTT HARTWELL,<br><br>Defendant and Appellant. | C089461<br><br>(Super. Ct. No. 19F767,<br>18F4334) |

Defendant Randy Scott Hartwell appeals a judgment following his no contest pleas to driving or taking a vehicle without consent in case No. 19F767 and burglary and driving on a suspended license (Veh. Code, § 14601.2) in case No. 18F4334, and grant of formal probation for a term of three years.  Defendant challenges the trial court's imposition of certain fines and fees in light of *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), as well as the court's imposition of an electronics search condition providing for warrantless search.

We will strike the search condition and otherwise affirm the judgment.

1

## I. BACKGROUND

The People's complaint in case No. 18F4334 charged defendant with burglary (Penal Code § 459[1]—counts 1 & 2), grand theft (§ 487, subd. (a)—count 3), and driving on a suspended license (Veh. Code, § 14601.2, subd. (a)—count 4). It also alleged defendant had suffered a prior strike. On July 18, 2018, defendant pled guilty to count 1 and no contest to count 4 in exchange for dismissal of the remaining counts and enhancement allegations and a grant of felony probation. The parties stipulated the factual basis for the plea was found in Shasta County Sheriff's Department Report No. 1823134, which described defendant and an accomplice breaking into a home through a glass door in order to steal food. Defendant's sentencing in this matter trailed into 2019 because he repeatedly failed to keep his appointments to be interviewed by the probation department for the presentencing report.

Thereafter, the People's February 5, 2019 complaint charged defendant with driving or taking a vehicle without consent (Veh. Code, § 10851—count 1) and receiving a stolen vehicle (§ 496a, subd. (a)–count 2). On February 19, 2019, defendant pled no contest to count 1 in exchange for dismissal of count two. The stipulated factual basis for the plea was contained in Redding Police Department Report No. 19R007191. The complaint alleged defendant took and drove a 1998 airbus without the consent of the owner.

The trial court sentenced defendant in both matters to three years of formal probation and 364 days in jail with credit for 96 days. Included within his conditions of probation as they were orally imposed was a warrantless search condition that provided in relevant part: "You are ordered to provide passwords or combinations necessary to access any iPhone or electronic device used in the possession or sale of stolen property."

---

[1] Undesignated statutory references are to the Penal Code.

The trial court imposed for each case a $300 restitution fine (§ 1202.4), a $300 suspended probation revocation fine (§ 1202.44), a $30 criminal conviction fee (Gov. Code, § 70373), and a $40 court operations fee (§ 1465.8). The court also imposed a $5,704 fine for vehicle theft (Veh. Code, § 10851, subd. (a)) and related penalty assessments, one-half of which was stayed pending successful completion of probation. The court determined defendant did not have the ability to pay either attorney fees for the public defender or for probation services. Finally, defendant was ordered to pay $3,695 in restitution to one victim and $15,961.64 in victim restitution to the other.

Defendant timely appealed case No. 19F767 and received a certificate of probable cause. This court later granted defendant's request to construe that notice of appeal to include case No. 18F4334.

## II. DISCUSSION

### A. *Defendant's Ability to Pay*

Defendant challenges the trial court's imposition of two $300 restitution fines (§ 1202.4), two $30 criminal conviction fees (Gov. Code, § 70373), and two $40 court operations fees (§ 1465.8), arguing their imposition violated the due process clause, prohibition against excessive fines, and equal protection. We concur with the People that defendant's failure to object has forfeited his challenge. We also find defendant has failed to show his counsel rendered ineffective assistance by not objecting.

The decision in *Dueñas* issued January 8, 2019. (*Dueñas, supra*, 30 Cal.App.5th 1157.) Defendant was sentenced March 5, 2019. Thus, defendant's failure to object on the basis of *Dueñas* forfeited this challenge. (See, e.g., *People v. Avila* (2009) 46 Cal.4th 680, 729 [rejecting argument that defendant was exempted from forfeiture because his restitution fine amounted to an unauthorized sentence based upon his inability to pay].) That defendant's ability to pay claims are constitutional in character does not alter the application of the forfeiture doctrine. (See *People v. Trujillo* (2015) 60 Cal.4th 850, 859 [constitutional exception to forfeiture rule did not apply to claim concerning failure to

3

obtain express waiver of an ability to pay hearing]; *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 [noting longstanding rule that a constitutional right may be forfeited in criminal proceedings by " ' "failure to make timely assertion of the right before a tribunal having jurisdiction to determine it" ' "].)

Defendant argues that if these arguments were forfeited, his counsel was ineffective for failing to object. In order to prevail on a claim of ineffective assistance, defendant must show: (1) that "counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms," and (2) that he was prejudiced, "i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

"When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance. It is particularly difficult to prevail on an *appellate* claim of ineffective assistance." (*People v. Mai, supra*, 57 Cal.4th at p. 1009.) " ' "[I]f the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.] A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

We find defendant has not met his burden of demonstrating there is no satisfactory explanation for counsel's failure to object, nor that he was prejudiced. While he did not have a regular paycheck, he had been employed by a landscaping company for four years and was working on a woodcutting project at the time of the presentence report. His expenses were minimal, as he lived with his cousin, who paid for his housing and food. Further, defendant informed probation, " 'there's not a lot of money right now,

4

but it's coming.' " Thus, we cannot say there is no reasonable explanation for defendant's failure to object, and even if he had, it is not reasonably probable that the court would have stayed these fines and fees.[2]

*B.        The Electronics Search Condition*

Defendant requests that we strike the electronics search condition because it meets the requirements of *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) for invalidating a probation condition, and alternatively, because it is constitutionally overbroad. Recognizing that his counsel did not object to this condition in the trial court, he argues ineffective assistance of counsel in the alternative. Due to the alternative claim and also in the interests of justice and judicial economy, we reach the merits of the challenge to the search condition and strike the condition as unreasonable and unsupported by the record.[3]

We begin by noting the discrepancy between the trial court's oral imposition of the challenged search term and written materials issued after sentencing. As set forth above, the oral pronouncement required only that defendant "provide passwords or combinations necessary to access any iPhone or electronic device used in the possession or sale of stolen property." The written materials require defendant to "submit his person, property, vehicle and residence to warrantless search at any time, with or without

---

[2] That the court found defendant unable to pay for the costs of his attorney and for probation supervision does not establish he was unable to pay the $740 in fines and fees challenged here. Nor do the court's remarks regarding the astronomical nature of the fines and fees associated with the offense of driving on a suspended license. Those statements were made in the context of defendant's plea hearing wherein the court warned defendant to do what was necessary to get his license back.

[3] See *People v. Norwood* (1972) 26 Cal.App.3d 148, 152 [appellate courts may address issues not before raised if required to do justice]; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1473 [correcting sentence rather than remanding where "the futility and expense of such a course militates against it"].)

probable cause, by any peace officer or probation officer and that he provide any password or combination necessary to access any electronic device or service during the warrantless search process." As the People note in their briefing, the oral pronouncement controls, an observation with which defendant appears to agree, and one that is supported by law. (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388.) We therefore discuss only the oral pronouncement, requiring passwords (and presumably access) to electronic devices, but apparently only those used in connection with stolen property.

"The Legislature has placed in trial judges a broad discretion in the sentencing process, including the determination as to whether probation is appropriate and, if so, the conditions thereof. ([]§ 1203 et. seq.)" (*Lent, supra*, 15 Cal.3d at p. 486.) Consequently, imposition of a probation condition is reviewed for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*Lent, supra,* at p. 486.) The *Lent* test "is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Olguin, supra,* at pp. 379-380.)

Here, the record contains no evidence suggesting that defendant used an electronic device in the commission of any of his crimes, or even that he used or possessed any electronic devices at any time, including at the time the condition was imposed. Because the challenged electronics search condition neither relates to a crime for which defendant was convicted, nor to conduct which is itself criminal, only the third *Lent* factor is implicated in this case, whether the challenged electronics search condition was " 'reasonably related to future criminality.' " (*Lent, supra*, 15 Cal.3d at p. 486; see also

6

*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1123.) We conclude it was not. The imposition of the challenged condition was not warranted in this case, and phrased in a manner that would seem to render its enforcement unworkable. The condition as phrased ordered disclosure of "passwords or combinations" as deemed necessary by the probation officer "to access any iPhone or electronic device," but there is no evidence in the record that defendant possessed any such devices. Further, the devices were limited within the same condition to only those "used in the possession or sale of stolen property." This additional condition strikes us as potentially circular. There is no indication how the probation officer could limit a search to devices "used in the possession or sale of stolen property" without first searching the devices to see if they were used in crimes that would allow them to be searched without a warrant.

Although it is true, as the People note, that "a probation condition does not have to have a specific connection to a defendant's crime of conviction to be reasonably related to preventing future criminality," we do not agree that the relative narrowness of the condition at issue here distinguishes this case from *In re Ricardo P*. As we have described, the People's assertion that the "trial court was aware that appellant had committed various crimes involving stolen property, and the imposed electronic search condition was narrowly tailored accordingly" is not supported by the record. The condition included the search of an iPhone or electronic device without any evidence of their existence, let alone their use in the manner set forth within that same condition. While there may be circumstances where a defendant's personal history could justify an electronics search condition as a means of deterring future criminality (*In re Ricardo P., supra,* 7 Cal.5th at pp. 1128-1129), here, there is no evidence that defendant possessed an electronic device or utilized one in any way, much less in a manner that would justify imposition of this search condition. Accordingly, the electronics search provision cannot withstand scrutiny under *Lent* and must be stricken. (*Id.* at p. 1129.)

## III.  DISPOSITION

For the reasons explained herein, we strike the electronics search provision, in all of its forms.  The judgment is otherwise affirmed.

/S/

RENNER, J.

We concur:

/S/

MAURO, Acting P. J.

/S/

DUARTE, J.